# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>                 Petitioner,<br><br>          v.<br><br>FRESNO COUNTY SUPERIOR COURT,<br><br>                 Respondent. | Case No. 1:16-cv-01143-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT<br><br>ORDER TO SHOW CAUSE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Leave to Amend Petition to Name a Proper Respondent**

In this case, Petitioner names "Fresno County Superior Court" as the Respondent. It is insufficient to name "Fresno County Superior Court" as the Respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him

1

as the respondent to the petition. Rule 2(a), Rules Governing Section 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated. Smith v. Idaho, 392 F.3d 350, 355 (9th Cir. 2004); Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of personal jurisdiction. Stanley, 21 F.3d at 360. However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility or the chief officer in charge of state penal institutions. See Dubrin v. California, 720 F.3d 1095, 1100 (9th Cir. 2013) (petitioner should be granted leave to amend petition to name proper respondent). In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

**B. Exhaustion**

Also, it appears that Petitioner has failed to exhaust his claim in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). In the instant petition, Petitioner states that he sought collateral review in the California Superior Court and the California Court

of Appeal. (ECF No. 1 at 3–4).[1] However, Petitioner states that he has not sought relief in the California Supreme Court. (ECF No. 1 at 4, 6). Accordingly, Petitioner is HEREBY ORDERED to SHOW CAUSE within **THIRTY (30) days** of the date of service of this order why the petition should not be dismissed without prejudice for failure to exhaust state court remedies.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED **THIRTY (30) days** from the date of service of this order in which to file a motion to amend the petition to name a proper respondent; and

2. Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **August 8, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.