# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES, | Case No. 1:16-cv-01143-SAB-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| FRESNO COUNTY SUPERIOR COURT, | |
| Respondent. | |

**I.**

**BACKGROUND**

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner appears to challenge the state court's denial of his petition for resentencing pursuant to Proposition 47. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 8, 9). On August 8, 2016, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 7).

**II.**

**DISCUSSION**

**A. Exhaustion**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

1    to file a response, if it "plainly appears from the petition and any attached exhibits that the

2    petitioner is not entitled to relief in the district court." A petitioner in state custody who is

3    proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28

4    U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the

5    state court the initial opportunity to correct the state's alleged constitutional deprivations.

6    Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A

7    petitioner can satisfy the exhaustion requirement by providing the highest state court with a full

8    and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v.

9    Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.

10   Connor, 404 U.S. 270, 276 (1971).

11       In the instant petition, Petitioner raises only one claim and states that he sought collateral

12   review in the California Superior Court and the California Court of Appeal, but did not seek

13   relief in the California Supreme Court. (ECF No. 1 at 3–4, 6).[1] In his response to the order to

14   show cause, Petitioner confirmed that he has not sought relief in the California Supreme Court.

15   (ECF No. 10 at 4). If Petitioner has not sought relief in the California Supreme Court, the Court

16   cannot proceed to the merits of Petitioner's claim. 28 U.S.C. § 2254(b)(1).

17       The Court must dismiss without prejudice a petition containing unexhausted claims to

18   give a petitioner an opportunity to exhaust the claims if he can do so. See Lundy, 455 U.S. at

19   522. However, a petitioner may move to stay and hold in abeyance the petition while he exhausts

20   his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Under Rhines, "stay

21   and abeyance" is available only in *limited circumstances*, and only when: (1) there is "good

22   cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3)

23   the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277–78. Petitioner

24   states that he thought he needed to file a petition in this Court before seeking relief in the

25   California Supreme Court. (ECF No. 10 at 3–4). This does not constitute "good cause" for failure

26   to exhaust. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) ("[S]tay and abeyance is

27   available only to those petitioners who have a legitimate reason for failing to exhaust a claim in

28   _____
     [1] Page numbers refer to the ECF page numbers stamped at the top of the page.

                                    2

1    state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse,

2    supported by sufficient evidence, to justify that failure."). Accordingly, the petition must be

3    dismissed for failure to exhaust state judicial remedies.

4            **B.  Certificate of Appealability**

5            A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

6    district court's denial of his petition, and an appeal is only allowed in certain circumstances.

7    Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining

8    whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

9                      (a) In a habeas corpus proceeding or a proceeding under section
10                     2255 before a district judge, the final order shall be subject to
                       review, on appeal, by the court of appeals for the circuit in which
11                     the proceeding is held.

12                     (b) There shall be no right of appeal from a final order in a
                       proceeding to test the validity of a warrant to remove to another
13                     district or place for commitment or trial a person charged with a
                       criminal offense against the United States, or to test the validity of
14                     such person's detention pending removal proceedings.

15                     (c) (1) Unless a circuit justice or judge issues a certificate of
                           appealability, an appeal may not be taken to the court of
16                         appeals from–

17                            (A) the final order in a habeas corpus proceeding in which
                              the detention complained of arises out of process issued by
18                            a State court; or

19                            (B) the final order in a proceeding under section 2255.

20                     (2) A certificate of appealability may issue under paragraph (1)
                       only if the applicant has made a substantial showing of the
21                     denial of a constitutional right.

22                     (3) The certificate of appealability under paragraph (1) shall
                       indicate which specific issue or issues satisfy the showing
23                     required by paragraph (2).

24           If a court denies habeas relief on procedural grounds without reaching the underlying

25   constitutional claims, the court should issue a certificate of appealability "if jurists of reason

26   would find it debatable whether the petition states a valid claim of the denial of a constitutional

27   right and that jurists of reason would find it debatable whether the district court was correct in its

28   procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar

                                                        3

1   is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

2   could not conclude either that the district court erred in dismissing the petition or that the

3   petitioner should be allowed to proceed further." Id.

4        In the present case, the Court finds that reasonable jurists would not find the Court's

5   determination that Petitioner's federal habeas corpus petition should be dismissed debatable or

6   wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to

7   issue a certificate of appealability.

8                                        **III.**

9                                       **ORDER**

10       Accordingly, IT IS HEREBY ORDERED that:

11       1.   The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;

12       2.   The Clerk of Court is DIRECTED to CLOSE the case; and

13       3.   The Court DECLINES to issue a certificate of appealability.

14

15   IT IS SO ORDERED.

16   Dated:   **September 19, 2016**
                                              _____
17                                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28